RECEIVED

NOT FOR PUBLICATION

OCT 30 2015

AT 8:30_____M
WILLIAM T. WALSH
CLERK

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

RONALD D. KEEFE,

        Plaintiff,

Civ. No. 15-6807

v.

GENERAL MOTORS LLC,

        Defendant.

OPINION

THOMPSON, U.S.D.J.

### INTRODUCTION

This matter is before the Court upon Defendant General Motors LLC's Motion to Dismiss. (ECF No. 7). Plaintiff Ronald D. Keefe opposes this Motion. (ECF No. 8). The Court has decided the Motion based on the written submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated below, Defendant's Motion is granted, but Plaintiff's Complaint is dismissed without prejudice.

### BACKGROUND

Plaintiff's pertinent factual allegations are as follows. Plaintiff worked for Defendant for a number of years as a member of the United Auto Workers Union ("UAW"). The UAW and Defendant had a collective bargaining agreement. Under this agreement, workers were entitled to Total and Permanent Disability ("TPD") Benefits if they became disabled within thirty days of being laid off, and had been employed by Defendant for at least ten years. Plaintiff became disabled in January 1989, and at some point was declared mentally incompetent and stopped working for Defendant. Plaintiff subsequently received disability benefits from the Social

1

Security Administration. Plaintiff asserts that he met the criteria for TPD Benefits, but when he applied for them, Defendant improperly denied his claim. Plaintiff does not specify a date for when his claims were denied. However, he attached a letter to his Complaint from Defendant dated September 25, 2000 where Defendant states that it had reviewed Plaintiff's file again and confirmed that Plaintiff was not entitled to TPD Benefits.

On February 6, 2015, Plaintiff filed a complaint in the Superior Court of New Jersey. (ECF No. 1). Plaintiff made a breach of contract claim, requesting that the Court force Defendant to honor the collective bargaining agreement and provide him with TPD Benefits and interest dating back to January 1989. Defendant removed the case to this Court based on federal question and diversity jurisdiction. (*Id.*).

## LEGAL STANDARD

When considering a Rule 12(b)(6) motion, a district court must conduct a three-part analysis: "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept all of the plaintiff's well-pleaded factual allegations as true and construe the complaint in the light most favorable to the plaintiff, though the court should disregard legally conclusory allegations. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). Finally, the court must determine whether the "facts alleged in the complaint are sufficient to show the plaintiff has a 'plausible claim for relief.'" *Id.* at 211. It is not enough for a pleading to offer "only 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action'" to survive a motion to dismiss; the plaintiff's allegations, taken together, must support a plausible claim under each cause of action. *Id.* at 210.

2

When a plaintiff proceeds pro se, courts must liberally construe the plaintiff's pleadings. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). Courts must apply the relevant law to the plaintiff's complaint, whether or not the plaintiff mentions the law by name. *Id.*

## DISCUSSION

### I.   Subject Matter Jurisdiction

Defendant argues in its Notice of Removal that the Employee Retirement Income Security Act ("ERISA") exclusively governs Plaintiff's claims. (ECF No. 1). If ERISA is the governing statute, then this Court has jurisdiction pursuant to 29 U.S.C. § 1132(e)(1).

Congress enacted ERISA "to promote the interests of employees and their beneficiaries in employee benefit plans." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 90 (1983). A participant in a benefits plan may sue under 29 U.S.C. § 1132(a)(1)(B) to recover benefits due to him under the terms of his plan. Plans covered by ERISA include pension and welfare plans that provide participants with retirement, disability, and other benefits. 29 U.S.C. § 1002(1)-(2)(A).

Plaintiff applied for benefits under Defendant's pension plan. (Pl.'s Compl. 8, 13, ECF No. 1). The pension plan outlines which retirement benefits participants receive under different circumstances, including the "Total and Permanent Disability Retirement" benefits that Plaintiff sought. (Def.'s Mot. to Dismiss, Ex. A, 6, ECF No. 7-2). The plan therefore fits under ERISA's definition of a pension plan. 29 U.S.C. § 1002(2)(A) (defining "pension plan" as a plan that provides retirement income to employees). Because Plaintiff is seeking benefits from a plan covered by ERISA, ERISA governs his claim, and this Court has jurisdiction.

### II.   Preemption Under ERISA

Congress intended ERISA to provide employers with a uniform body of benefits law. *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 142 (1990). When ERISA governs a

3

plaintiff's benefits claim, ERISA preempts state causes of action. *Id.*; *DiFelice v. Aetna U.S. Healthcare*, 346 F.3d 442, 457 (3d Cir. 2003). Plaintiff's single breach of contract claim is therefore preempted by ERISA. In order to pursue his case against Defendant, Plaintiff would need to amend his Complaint to make an ERISA claim.[1] *Estate of Jennings v. Delta Air Lines, Inc.*, No. 15-962, 2015 WL 5089458, at *8 (D.N.J. Aug. 27, 2015) (denying Plaintiffs' request that the Court convert their state law claims into ERISA claims). While Plaintiff's Complaint must be dismissed due to ERISA preempting his sole claim, Plaintiff may have a valid ERISA claim if he can show that the statute of limitations was tolled, as explained below.

## II. ERISA's Statute of Limitations

The statute of limitations for plaintiffs seeking to recover benefits under ERISA is six years in New Jersey. *Cement Masons' Union Local No. 592 Pension Fund v. Almand Bros. Concrete*, No. 14-5413, 2015 WL 3604747, at *2 (D.N.J. June 8, 2015). The statute begins to run when a claim for benefits is clearly denied, as long as the claimant knew or should have known about the denial. *Id.*; *Romero v. Allstate Corp.*, 404 F.3d 212, 221 (3d Cir. 2005).

Plaintiff does not allege a specific date when he was denied benefits, but he submitted a letter from Defendant dated September 25, 2000, where Defendant informed a UAW representative that Plaintiff's claim had been reviewed again and that Plaintiff would not be awarded benefits. (Pl.'s Compl. 30, ECF No. 1). This suggests that Plaintiff was informed, at the latest, that his claim had been denied fifteen years ago. Therefore, any attempt to file an ERISA claim now would be futile, unless Plaintiff can show that the statute of limitations has been tolled.

---

[1] The Third Circuit encourages courts to grant plaintiffs leave to amend their complaints, whether or not a plaintiff requests leave to amend. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008).

4

Plaintiff appears to argue that the statute was tolled due to "insanity." (Pl.'s Compl. 12, ECF No. 1). A statute of limitations may be tolled in New Jersey if the plaintiff was legally "insane" during the relevant period. *Kyle v. Green Acres at Verona, Inc.*, 44 N.J. 100, 112-13 (1965). The bar for "insanity" is high: a plaintiff must have been unable to understand his legal rights or institute legal action. *Todish v. CIGNA Corp.*, 206 F.3d 303, 306 (3d Cir. 2000). Simply not knowing how or when to sue is not enough. *Id.* Being declared mentally disabled by the Social Security Administration and awarded disability benefits is also insufficient by itself to prove "insanity." *Id.*

Plaintiff states that he was declared incompetent, and therefore he was "insane," thus tolling the statute of limitations. (Pl.'s Compl. 12, ECF No. 1). To support his argument, Plaintiff attached letters to his Complaint showing that he received disability benefits from Social Security. (*Id.* at 18-21). Plaintiff also attached the above case, *Todish v. CIGNA Corp.* (*Id.* at 24-27). However, Plaintiff does not allege that he failed to understand his legal rights at any time. He also does not specify how long his period of "insanity" lasted, since filing the Complaint demonstrates that he is not currently "insane" under the standard described in *Todish*. Plaintiff can only move forward with an ERISA claim if he can plausibly allege a period of "insanity" from the time he should have known his benefits claim was denied, lasting at least through February 2009 (six years prior to Plaintiff filing the present Complaint). *Gee v. CBS, Inc.*, 471 F. Supp. 600, 635 (E.D. Pa.), *aff'd*, 612 F.2d 572 (3d Cir. 1979) (stating that a plaintiff must plead facts to justify the tolling of the statute of limitations when the plaintiff's pleadings show that the statute of limitations would otherwise bar his claim).

## CONCLUSION

For the forgoing reasons, Defendants' Motion will be granted, but Plaintiff is granted

leave to amend his Complaint. An order consistent with this opinion will follow.

ANNE E. THOMPSON, U.S.D.J.