NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

RONALD D. KEEFE,

        Plaintiff,

v.

GENERAL MOTORS LLC,

        Defendant.

Civ. No. 15-6807

OPINION

THOMPSON, U.S.D.J.

### INTRODUCTION

This matter has come before the Court on a Motion for Reconsideration filed by Plaintiff Ronald Keefe. (ECF No. 16). Defendant General Motors LLC opposes the Motion. (ECF No. 18). Upon consideration of the parties' written submissions and without oral argument pursuant to Local Civil Rule 78.1(b), the Court will deny Plaintiff's Motion for Reconsideration.

### BACKGROUND

Plaintiff's pertinent factual allegations are as follows. Plaintiff worked for Defendant for a number of years as a member of the United Auto Workers Union ("UAW"). The UAW and Defendant had a collective bargaining agreement. Under this agreement, workers were entitled to Total and Permanent Disability ("TPD") Benefits if they became disabled within thirty days of being laid off, and had been employed by Defendant for at least ten years. Plaintiff became disabled in January 1989, and at some point was declared mentally incompetent and stopped working for Defendant. Plaintiff subsequently received disability benefits from the Social Security Administration. Plaintiff asserts that he met the criteria for TPD Benefits, but when he applied for them, Defendant improperly denied his claim. Plaintiff does not specify a date for

when his claims were denied. However, he attached a letter to his Complaint from Defendant dated September 25, 2000 where Defendant states that it had reviewed Plaintiff's file again and confirmed that Plaintiff was not entitled to TPD Benefits.

On February 6, 2015, Plaintiff filed a Complaint in the Superior Court of New Jersey. (ECF No. 1). Plaintiff made a breach of contract claim, requesting that the Court force Defendant to honor the collective bargaining agreement and provide him with TPD Benefits and interest dating back to January 1989. (*Id.*). Defendant removed the case to this Court based on federal question and diversity jurisdiction. (*Id.*). Defendant then moved to dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted. (ECF No. 7). On October 30, 2015, this Court concluded that Plaintiff's breach of contract claim was preempted by the Employee Retirement Income Security Act ("ERISA"), and that under ERISA Plaintiff's claim was time-barred. (ECF No. 14). However, the Court gave Plaintiff leave to amend his Complaint in order to properly plead an ERISA claim, and to plead facts showing the statute of limitations had been tolled. (*Id.*). Plaintiff has not yet amended his Complaint. On November 4, 2015 Plaintiff filed the present Motion for Reconsideration. (ECF No. 16).

## LEGAL STANDARD

In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration. A timely motion for reconsideration may only be granted upon a finding of at least one of the following grounds: "(1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." *Database America, Inc. v. Bellsouth Advertising & Pub. Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993). Reconsideration is an "extraordinary remedy" that is rarely granted. *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (internal citations omitted). "A party seeking

2

reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990) (quoting *Carteret Savings Bank, F.A. v. Shushan*, 721 F. Supp. 705, 709 (D.N.J. 1989)).

## ANALYSIS

Plaintiff does not make any arguments based upon the established grounds for reconsideration described above. Plaintiff does not suggest that there has been an intervening change in the controlling law, or that new evidence has become available. Nor does Plaintiff show that reconsideration is necessary to correct a clear error of law or prevent manifest injustice. Instead, Plaintiff's Motion describes past interactions that he had with Defendant's representatives, his frustration with Defendant, and his desire for the Court to order Defendant to pay him his past due pension benefits. (ECF No. 16).

Plaintiff appears to respond to the Court's previous decision in a postscript by citing the first section of ERISA, and by stating that he is "still incomeptant. [sic] (Insane)." (*Id.*). If Plaintiff wishes to pursue his case, he must plead an ERISA claim and assert facts that would show why his claim should not be time-barred in an amended complaint, not in a motion for reconsideration. A plaintiff's "insanity" can toll the statute of limitations. *Todish v. CIGNA Corp.*, 206 F.3d 303, 305 (3d Cir. 2000). As mentioned in this Court's previous opinion, however, Plaintiff is not currently "insane." *Todish v. CIGNA Corp.*, which Plaintiff attached to his Complaint, states that a plaintiff is only "insane" if he is unable to understand his legal rights or institute legal action. *Id.* at 306. Plaintiff is clearly able to do both, since he filed the present action. If there are any facts that show Plaintiff was previously unable to understand his legal

3

rights or institute legal action, he may plead those in an amended complaint, in order to support his argument that the applicable statute of limitations was tolled.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration will be denied. An appropriate Order will follow.

ANNE E. THOMPSON, U.S.D.J.